HARTLEY HITCHCOCK *v.* JACOB J. VAN PELT.

There is no provision of law forbidding a constable, by whom the process has been served, to appear as attorney for the plaintiff in the district or justices' courts in the city of New York.

The statute which enacts that "the constable, who served either the original or jury process in the cause, shall not appear and advocate for either party at the trial, but may act as attorney in any other stage or proceeding in the cause," applies to the justices' courts in other parts of the state, but not to the district or justices' courts in the city of New York. (See 2 R. S. part 3, chap. 2, title 4, art. 3, § 45, 4th ed. p. 434, marg. p. 233. See, also, *Ford* v. *Smith,* 11 Wend. 73.)

THE defendant appealed from a judgment granted on default, by the justice of the fourth district, and claimed that the judgment should be reversed, on the ground that the plaintiff had appeared below by the constable who served the process. The appellant relied upon the statute and the decision to which the reporter has referred in the second of the above head notes. He also asked relief under § 366 of the Code of Procedure, having annexed to the return an affidavit relative to the merits of the case and tending to excuse his default.

*John D.* and *Thomas D. Sherwood,* for the defendant.

*Henry A. Griswold,* for the plaintiff.

By THE COURT. INGRAHAM, FIRST J.—The judgment in this case was by default. The constable who served the process appeared for the plaintiff. The defendant asks to have the judgment reversed for this cause. The case referred to by the defendant's counsel (*Ford* v. *Smith,* 11 Wend. 73) does not warrant the reversal. In that case the defendant appeared, and the constable not only appeared but acted as counsel on the trial of the case, and the case therein referred

to warranted an appearance to put in the declaration.   Here the defendant did not appear.   It is true, the constable not only appeared for the plaintiff, and put in the complaint in this case, but acted in producing the proofs upon which the judgment by default was awarded.   But that section does not apply to the courts in this city, and we are referred to none on the points which is applicable.   I know of no similar provision applicable to the courts in this city.   If there is any, the appellant should have referred us to it.

But I think the defendant has sufficiently excused the default, and shows by his affidavit circumstances from which it may reasonably be concluded that injustice has been done by the judgment against him.

The judgment should be suspended, and a new trial ordered on the 8th January next, at the opening of the court; respondent's costs of appeal to abide event.

Ordered accordingly